The facts present the exact legal question decided by this court in the case of Ex parte Troy Polly (No. 12292) 15 S.W.(2d) 16, not yet [officially] reported, in which it was held that article 793, as it appears in the Code of Criminal Procedure of 1925, was superseded by its amendment in chapter 68, p. 194, Acts 40th Leg. 1st Called Sess., supra, and that thereby the authority for the allowance of $3 per day was repealed, and further deciding that the proviso quoted was meaningless. In view of the comprehensive discussion of the matter in the Polly Case, supra, to which reference is made, further remarks in the present instance are deemed unnecessary.

The judgment is affirmed.

■

**J. O. ROSS et al. v. John M. KING et al.**
(No. 1830.)

Court of Civil Appeals of Texas. Beaumont.
April 4, 1929.

J. B. Ross, of Houston, for appellants.
King, Battaile & Sonfield, of Houston, for appellees.

WALKER, J. This was a suit by appellees, a firm of lawyers, against appellants for professional fees in the sum of $400. J. B. Ross answered by general denial, and J. O. Ross specially answered that the contract sued upon was made by J. B. Ross without au-

thority from him. Upon a trial to a jury, it was found that J. B. Ross contracted for J. O. Ross to pay appellees $400, the amount sued for, and that the contract was made "under the authority of J. O. Ross." The appeal is from the judgment in appellees' favor upon the jury verdict.

Appellants' assignments of error are too general and indefinite to present any matter for review, and upon that ground appellees have moved us not to consider appellants' assignments. However, we have carefully reviewed the facts and find the verdict of the jury abundantly supported. It is not necessary to consider further appellants' motion. The judgment of the trial court is in all things affirmed.

Affirmed.

■

**F. C. VICKERY, Appellant, v. Abe B. FREE-MAN, Appellee.** (No. 8109.)

Court of Civil Appeals of Texas. San Antonio.
April 24, 1929.

On second motion for rehearing. For former opinion, see 15 S.W.(2d) 85.

W. E. Chapman, of Ennis, and A. J. Wirtz and R. A. Weinert, both of Seguin, for appellant.
Dibrell & Mosheim, of Seguin, for appellee.

SMITH, J. In a further motion for rehearing, appellee complains that we have not fairly stated the terms of the contract sued on, and insists upon the incorporation into the statement of the case of the following correspondence between the parties prior to the correspondence set out in the opinion last filed:

"Appellees wrote Appellant on August 30th, 1927, as follows:

" 'Vickery Nut Co., Ennis, Texas—Dear Sir: We are in receipt of yours of August 29th in regards to pecan sample.

" 'We can supply you with 10,000 pounds or more at price quoted; as good or better than sample. If you care to close contract, kindly mail us your check for $500.00; as agreed upon when you were here. Also let us know if you want the 5000 pounds pecan halves.'

"In reply to the above letter, Appellant wrote Appellees on September 1st, 1927, as follows:

" 'Abe B. Freeman, Seguin, Texas—Dear Sirs: We are today in receipt of your favor of August 30th offering us 10,000 pounds or more of pecans as good or better than sample submitted. We want to contract for at least 20,000 or 25,000 or more.

" 'Upon receipt of your advice that you will

furnish us 20,000# or more we will be glad to forward to you our check for $500.00.'"

Appellee also insists upon the inclusion in the statement of the case this testimony of appellee:

"We shipped Mr. F. C. Vickery some pecans by express, under this contract. I think we shipped him ten sacks. Everything was sold f. o. b. Seguin to him. I do not remember whether the ten sacks were sent c. o. d. to him or not, but everything that we sold him was supposed to be f. o. b. Seguin."

We do not understand this evidence to be material to the statement of the case or as having any influence upon the decision, but have set it out, nevertheless, in deference to appellee's criticism.

The motion for rehearing is overruled.